IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HATICE CENGIZ, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MOHAMMED BIN SALMAN, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:20-cv-03009 |

## **MOTION TO PROCEED ANONYMOUSLY**

Plaintiffs have submitted the declaration of John Doe to support their opposition to Defendants' motion to dismiss. Doe's declaration is relevant because it negates assertions in a declaration submitted in support of Mohammad Bin Salman ("MBS")'s motion to dismiss.

Plaintiffs respectfully move for Doe to proceed anonymously. Doe reasonably fears retribution by Defendants or their agents if he discloses his identity. Further, because Doe is not a party and his declaration addresses a narrow issue, protecting Doe's identity would not harm Defendants or the public.

## **FACTS**

Plaintiffs allege that Defendants conspired to murder Jamal Khashoggi. At the time of his death, Khashoggi was a United States resident. Defendants conspired to lure him out of the United States to the Saudi consulate in Istanbul, where he was murdered.

The complaint lays out how Defendants carried out their plot. In August 2018, Khashoggi contacted the Saudi Embassy in Washington, D.C. to obtain a certificate of marriage eligibility that would allow him to marry his Turkish fiancée, Plaintiff Hatice Cengiz. Compl. ¶ 90.

Defendants, working through Embassy officials, took the opportunity to advise Khashoggi that he had to travel to the Saudi Consulate in Istanbul to obtain the certificate, and falsely told him that he would be safe at the Saudi Consulate. *Id.* Heeding their advice, Khashoggi went to the Saudi consulate in Istanbul—only to be kidnapped, tortured, and murdered. *Id.* The complaint alleges that Defendant MBS ordered the murder. Compl. ¶ 8. The Office of the Director of National Intelligence has recently declassified a report similarly "assess[ing] that Saudi Arabia's Crown Prince Muhammad bin Salman approved an operation in Istanbul, Turkey to capture or kill Saudi journalist Jamal Khashoggi." *See* Office of the Director of National Intelligence, Assessing the Saudi Government's Role in the Killing of Jamal Khashoggi (Feb. 11, 2021), https://www.dni.gov/files/ODNI/documents/assessments/Assessment-Saudi-Gov-Role-in-JK-Death-20210226v2.pdf

Defendant MBS, as well as two other Defendants, have moved to dismiss. Among other arguments, Defendants deny that Khashoggi ever contacted the Saudi Embassy in August 2018. To support this argument, Defendant MBS relies on the declaration of an Embassy official, Raed Ibrahem Alhabdan. Alhabdan's declaration states that he has served as Head of Citizens Affairs at the Embassy since November 4, 2020. Alhabdan Decl. ¶ 2. As such, he has no personal knowledge of Khashoggi's visits to the Embassy in 2017 and 2018. However, his declaration states that he reviewed "records" of those visits, and according to the records, Khashoggi went to the Embassy on only the following dates: September 28, 2017; October 2, 2017; December 8, 2017; February 9, 2018; and March 13, 2018. Alhabdan Decl. ¶¶ 3–8. Because the records do not include a visit in August 2018, Defendant MBS contends that this visit never occurred.

John Doe's declaration shows that the records reviewed by Alhabdan are incomplete. John Doe was a friend and colleague of Khashoggi. *See* Ex. A, Doe Decl. ¶ 2. In November 2017, Doe

accompanied Khashoggi to the Saudi Embassy so that Khashoggi could address a matter related to his divorce. *See id.* at ¶ 6. Doe personally observed Khashoggi entering the Embassy for a meeting, and returning from the meeting approximately 30 minutes later. *See id.* at ¶¶ 6–7. The records reviewed by Alhabdan do not include any reference to this meeting.

Doe's declaration shows that Khashoggi engaged in interactions with Embassy officials other than the interactions identified in the records reviewed by Alhabdan. Hence, MBS cannot point to the absence of a record of Khashoggi's August 2018 interaction as evidence that the interaction never occurred.

Plaintiffs' counsel, Charles Galbraith, and investigator, Kaiser Gill, met personally with Doe. However, Doe is fearful that if he discloses his identity, MBS will retaliate against him. Doe is a professor of Islamic studies who resides within the Middle East and North Africa ("MENA") region . *See id.* at ¶ 1. Defendant MBS has previously demonstrated that he is willing and able to target and extract individuals he perceives as threats located throughout the MENA region. *See* Ex. B, Doe Decl. in Support of Motion to Proceed Anonymous ¶ 11–12. Doe resides in MENA, *see id.* at ¶ 2, and as part of his work, Doe frequently travels throughout the region. *See id.* at ¶ 14. In view of MBS's history of retaliating against dissidents—including Khashoggi—Doe fears for his safety if he goes on record supporting a lawsuit against MBS. *See id.* at ¶¶ 7-15.

## ARGUMENT

In deciding whether litigants may proceed anonymously, courts consider five factors: (1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) The ages of the persons

whose privacy interests are sought to be protected; (4) Whether the action is against a governmental or private party; and, relatedly, (5) The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.  *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019).  A court should not "engage in a wooden exercise of ticking the five boxes," but instead "consider[] the factors relevant to the case before it."  *Id.*

Here, those factors support permitting Doe to proceed anonymously.  On the first factor, Doe is not attempting to avoid annoyance and criticism, but is instead preserving privacy for a sensitive and highly personal reason: his safety.

On the second factor, identifying Doe poses a risk of retaliatory physical harm to him.  Defendant MBS's willingness to wield his power against his opponents is well documented.  Defendant MBS has previously reached into countries located throughout the MENA region to extract his perceived opponents.  *See* Ex. B, Doe Decl. in Support of Motion to Proceed Anonymous ¶ 11–12.  Doe reasonably believes that by submitting a declaration containing information relevant to this matter and revealing his past friendship with Khashoggi, there is a reasonable risk that he and his family could be subjected to physical harm.  *See id.* at ¶¶ 7–14.  Defendants' killing of Khashoggi is itself an example of the extreme measures Defendants are willing to take to silence those who peacefully oppose them.  The ODNI's conclusion that MBS approved Khashoggi's murder, *supra* at 2, demonstrates that Doe's fears are credible.  Moreover, Defendants Al-Qahtani and Al-Assiri are defendants in criminal proceedings in Turkey associated with the murder.  *See* Cetinkaya Decl. ¶ 16.  Under these circumstances, Doe should not be required to put himself at personal risk.

Courts have frequently permitted foreign litigants to proceed anonymously when they reasonably fear retaliation.  *See Chang v. Republic of South Sudan*, -- F. Supp. 3d --, No. 21-1821,

2021 WL 2946160, at *3 (D.D.C. July 9, 2021) (permitting employees of non-governmental organizations to proceed anonymously in view of risk of retaliation by South Sudan government); *Las Americas Immigrant Advocacy Center v. Wolf*, 2020 WL 7319297, at *2 (D.D.C. Jul 8, 2020) (permitting asylum applicants to proceed anonymously in view of risk of retaliation in Mexico and El Salvador); *Kiakombua v. McAleenan*, No. 19-cv-1872 (KBJ), 2019 WL 11322784, at *2–3 (D.D.C. July 3, 2019) (permitting asylum applicants to proceed anonymously in view of risk of retaliation in El Salvador and Cuba).  The Court should follow that case law and permit Doe to proceed anonymously in view of his credible fear of retaliation.

On the third factor, Doe is an adult.

The fourth factor is "neutral."  *Chang*, 2021 WL 2946160, at *3. Although there is "heightened interest when an individual or entity files a suit against the government," this principle "applies to the United States government and not to foreign governments." *Id.*  Moreover, this suit is against foreign officials rather than a foreign government.  Also, "there is nothing about the nature of these proceedings that creates any need for transparency with respect to the plaintiffs' identities or addresses."  *Id.*  For instance, this is not a case where plaintiffs seek "special exemptions from statutory obligations."  *Id*.

Finally, permitting Doe to proceed anonymously will not prejudice Defendants or the public.  Doe is not a plaintiff, but instead a third party informing the court of a limited set of

interactions with Khashoggi.  In view of Doe's limited role in this case, his interest in preserving his personal safety outweighs any interest in disclosure.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave for Doe to proceed anonymously.

Dated: September 14, 2021          Respectfully submitted,

/s/ *Keith M. Harper*
Keith M. Harper (D.C. Bar 451956)
Adam G. Unikowsky (D.C. Bar 989053)
JENNER & BLOCK LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6045

Faisal Gill (D.C. Bar 497312)
GILL LAW FIRM
1155 F Street NW, Suite 1050
Washington D.C. 20005
Telephone: (202) 570-8223

*Counsel for Plaintiffs,*
*Hatice Cengiz and*
*Democracy for the Arab World Now, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2021, a true and correct copy of the foregoing motion was electronically filed with the Clerk using the CM/ECF filing system and served upon all counsel of record via email.

*/s/* Keith M. Harper

Keith M. Harper

*Counsel for Plaintiffs,*
*Hatice Cengiz and*
*Democracy for the Arab World Now, Inc.*