# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HATICE CENGIZ, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al*.,<br><br>    *Defendants*. | Case No. 20-CV-03009-JDB |

## RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

The claims of Plaintiffs Cengiz and DAWN against Defendant His Royal Highness Mohammed bin Salman bin Abdulaziz Al Saud (the "Crown Prince") should be dismissed because, among other things, the Kingdom of Saudi Arabia is a required party but immune from suit. *See* ECF No. 21, at 28-34; ECF No. 33, at 16-18. The D.C. Circuit's decision in *de Csepel v. Republic of Hungary*, No. 20-7047, slip op. (Mar. 8, 2022), is not to the contrary.

*De Csepel* involves expropriation claims by descendants of Hungarian Jews whose property was seized during the Holocaust. Hungary itself is immune from such claims, but its agency MNV is not. *See id.* at 6-7, 9-14 (holding that MNV, although sovereign, fits within the FSIA's expropriation exception because it is an "agency or instrumentality of Hungary" rather than part of Hungary itself). MNV "represent[s] Hungary in civil actions involving state property." *Id.* at 19-20. It has "made controlling decisions for all defendants, including Hungary," "at every stage of the [*de Csepel*] case." *Id.* at 19. The D.C. Circuit concluded that Hungary's "sovereign interests" were not "at greater risk in [its] absence" because MNV could protect them. *Id.* at 23.

1

Here, Saudi Arabia has a sovereign interest in resolving in its own courts a dispute about the death of one Saudi citizen at the hands of other Saudi citizens.  The Crown Prince, in his personal capacity, does not share and cannot represent that interest.  Unlike in *de Csepel*, no nonimmune sovereign agency is present to do so.  Further, in *de Csepel*, the D.C. Circuit placed weight on the district court's "identifi[cation]" of "how relief could be tailored if needed to . . . reduce any potential prejudice," *id.*, to Saudi Arabia.  Cengiz and DAWN propose no similar tailoring here.  Instead, they deny Saudi Arabia has any interest at all.  *See* ECF No. 27, at 38-39.  Nothing in *de Csepel* supports that approach.

Dated:    March 11, 2022                    Respectfully submitted,

                                            /s/ *Michael K. Kellogg*
                                            Michael K. Kellogg (DC 372049)
                                            Gregory G. Rapawy (DC 493973)
                                            Andrew C. Shen (DC 500071)
                                            KELLOGG, HANSEN, TODD, FIGEL
                                              & FREDERICK, P.L.L.C.
                                            1615 M Street, N.W., Suite 400
                                            Washington, D.C. 20036
                                            (202) 326-7900

                                            *Attorneys for Defendant*
                                            *Mohammed bin Salman bin Abdulaziz Al Saud*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 11, 2022, I electronically filed the foregoing DEFENDANT

MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD'S RESPONSE TO NOTICE OF

SUPPLEMENTAL AUTHORITY, using the ECF system, which sent notice of filing in this

matter to all counsel of record.


*/s/ Michael K. Kellogg*
Michael K. Kellogg
*Attorney for Defendant*
*Mohammed bin Salman bin Abdulaziz Al Saud*