IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HATICE CENGIZ, *et al.*,<br><br>    *Plaintiffs*,<br><br>           v.<br><br>MOHAMMED BIN SALMAN, *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:20-cv-03009 |

**PLAINTIFFS' RESPONSE TO MBS'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING HEAD-OF-STATE IMMUNITY**

Article 56 of Saudi Arabia's Basic Law of Governance states that "[t]he King is the Prime Minister."[1] On September 27, 2022, however, King Salman issued a decree declaring an "exception" to Article 56, under which Defendant Mohammad Bin Salman ("MBS") would be Prime Minister. *See* Dkt. 45-2 at 3.

In the decree, the King did not abdicate or give up any of his royal powers. Indeed, in the very next sentence of the decree, the King reaffirmed that "[t]he sessions of the Council of Ministers that we attend shall be chaired by us," *i.e.*, by the King.[2] Dkt. 45-2, at 3. And subsequent reporting indicates that nothing has actually changed in Saudi Arabia: the King is still in charge.

---

[1] *Basic Law of Governance*, The Embassy of The Kingdom of Saudi Arabia, https://www.saudiembassy.net/basic-law-governance (last visited Oct. 14, 2022) (hereinafter Saudi Basic Law of Governance).

[2] The decree uses the "royal we," or *pluralis majestatis*, which is "[t]he first-person plural pronoun used by a sovereign in formal address to refer to himself or herself." *Royal We*, American Heritage Dictionary of the English Language (5th ed. 2016); *see also Royal We*, Oxford English Dictionary (3rd ed. 2011) (defining "royal we" as "the pronoun 'we' used in place of 'I' by a monarch or other person in power, esp. in formal declarations."). The attached declaration of Omar Alomar confirms that this is the traditional way by which the Saudi King addresses himself. Ex. A ¶ 18.

1

For example, even after the issuance of the decree, state television showed the King chairing a Cabinet meeting, exactly as contemplated in the decree.[3]

Following this decree, MBS immediately submitted a brief declaring his entitlement to head-of-state immunity.  Given the unusual timing and circumstances of this decree, Plaintiffs have deep concerns that it was issued solely to procure dismissal of this lawsuit.

This attempt to manipulate the Court's jurisdiction fails.  Under the Restatement, the head of state and head of government are entitled to head-of-state immunity.  *See Restatement (Second) of Foreign Relations Law* § 66, Westlaw (database updated Oct. 2022); *Lewis v. Mutond*, 918 F.3d 142, 145 (D.C. Cir. 2019) (relying on this Section of the Restatement).  The Saudi office of "Prime Minister," however, is not a head of state or head of government.  Instead, the King remains the head of state and head of government.  Therefore, MBS is not immune.

MBS makes no arguments about what the Saudi office of "Prime Minister" entails.  Instead, MBS simply assumes that the office of "Prime Minister" automatically constitutes a head of government.[4]  That assumption is wrong.  The role of the Prime Minister depends on the system of government.

In some systems of government, the Prime Minister is the head of government.  For example, in constitutional monarchies, the head of state (the monarch) is a symbolic leader with no governmental responsibilities, while the Prime Minister serves as the head of government.  In the U.K. and Canada, for example, King Charles III is the head of state, but Prime Ministers Liz

---

[3] Aziz El Yaakoubi, *Saudi King Names Crown Prince MbS as Prime Minister*, Reuters (Sept. 27, 2022), https://www.reuters.com/world/middle-east/saudi-arabia-reshuffles-cabinet-royal-decree-2022-09-27/.

[4] MBS does not appear to dispute that the King remains the head of state, as is always the case in a monarchy.

Truss and Justin Trudeau, respectively, are heads of government. They appoint the Cabinet, preside over Cabinet meetings, and lead the government.

In other systems of government, the Prime Minister is neither the head of state nor the head of government. Instead, a single leader occupies both roles, while the Prime Minister occupies a subsidiary role. For example, in South Korea, the President serves as the head of state and head of government, while the Prime Minister serves as the principal executive assistant to the President.[5] Likewise, in Peru, the President serves as the head of state and head of government, while the Prime Minister does not exercise executive power.[6]

Because the role of the Prime Minister varies from nation to nation, the Court must examine the actual constitutional role of the Saudi "Prime Minister" to determine whether he occupies the office of head of government. The answer is no. In Saudi Arabia, an absolute monarchy, the King is the head of state and head of government. The King's decision to appoint MBS to a position styled "Prime Minister" does not change that fact.

King Salman is not a figurehead like King Charles III. He is, and remains, the head of government. The Saudi Basic Law of Governance—the Saudi equivalent of the U.S. Constitution—makes this clear:

---

[5] *See* Office for Government Policy Coordination, Prime Minister's Secretariat, https://www.opm.go.kr/en/government/branch.do (last visited Oct. 14, 2022) (official Korean government website).

[6] *See* Peru, World Factbook, https://www.cia.gov/the-world-factbook/countries/peru/#government (last visited Oct. 14, 2022). The Peruvian government's official website (https://www.gob.pe) is in Spanish only.

- "The King shall rule the nation according to the Sharia. He shall also supervise the implementation of the Sharia, the general policy of the State, and the defense and protection of the country." Saudi Basic Law of Governance, Article 55.
- The King is "the ultimate arbiter" for the Judicial, Executive, and Regulatory Authorities. *Id.*, Article 44.
- "The King or whomsoever he may deputize shall concern himself with the implementation of judicial rulings." *Id.*, Article 50.
- "The King shall appoint those who are at the rank of minister and ministers," and "[m]inisters and heads of independent departments shall be answerable to the King." *Id.*, Article 58.
- "The King is the Supreme Commander of the Armed Forces." *Id.*, Article 60.
- "The King shall receive kings and heads of state, appoint his representatives to other states, and receive credentials of other states' representatives accredited to him." *Id.*, Article 63.

By contrast, the Basic Law of Governance assigns only three constitutional responsibilities to the Prime Minister. First, "[t]he competent department shall prepare the closing account of the State for the past year and forward it to the Prime Minister." *Id.*, Article 77. Second, an "annual report" regarding "revenues and expenditures of the State, as well as movable and fixed assets[] . . . shall be forwarded to the Prime Minister." *Id.*, Article 79. Third, an "annual report" regarding audits of "[g]overnmental institutions . . . shall be forwarded to the Prime Minister." *Id.*, Article 80. All three of these responsibilities merely involve the *receipt* of information. None of them shows that MBS leads the Saudi government.

Perhaps most importantly, the Basic Law of Governance shows that the Council of Ministers (Saudi Arabia's version of the Cabinet) is responsible to the King, not the Prime

4

Minister.  In a constitutional monarchy like the U.K. or Canada, the Prime Minister appoints the Cabinet, and Cabinet members are responsible to the Prime Minister.  By contrast, the Basic Law of Governance provides that the "Members of the Council of Ministers," who "assist" the Prime Minister, *id.*, Article 56, are appointed by, and remain responsible to, the King:

- "The King shall appoint and relieve deputies of the Prime Minister and member minister of the Council by Royal Decree." *Id.*, Article 57.

- "Deputies of the Prime Minister and member ministers of the Council shall be jointly responsible to the King for the implementation of the Sharia, laws and the general policy of the State." *Id.*

- "The King is entitled to dissolve and reconstitute the Council of Ministers." *Id.*

The King's recent decree conspicuously did not alter any of those provisions.  To the contrary, the decree goes out of its way to reaffirm that the King is in charge: "The sessions of the Council of Ministers that we attend shall be chaired by us."  Dkt. 45-2, at 3.  Moreover, the King issued another decree that same day, Royal Decree No. A/62, which made a total of 35 ministerial appointments.  This restructuring is a valid exercise of the King's authority under the Basic Law of Governance, which provides that the King retains total control over the Council of Ministers and over Saudi Arabia.  This is why the King, not MBS, continues to preside over Cabinet meetings.  Indeed, the King is free to rescind his recent decrees at any time and restore himself as Prime Minister or make any other changes to the Council of Ministers that he deems appropriate.

The attached declaration of Omar Alomar confirms that MBS is neither the head of state nor the head of government.  As Mr. Alomar explains, the King retains total control over Saudi Arabia and is still the head of state and head of government.  *See* Ex. A. ¶¶ 13-23.

5

Finally, taking a step back, the doctrine of head-of-state immunity is not embodied in any statute or treaty. Instead, it is a doctrine of customary international law, which "results from a general and consistent practice of states followed by them from a sense of legal obligation." *Restatement (Third) of Foreign Relations* § 102(2), Westlaw (database updated Oct. 2022); *see also The Paquete Habana*, 175 U.S. 677, 700 (1900) (customary international law springs from the "customs and usages of civilized nations").

But there is no "general and consistent practice" of granting head-of-state immunity under the circumstances of this case. The Reporters' Notes to the Restatement recite that the "precedents with respect to the immunity of a head of state deal primarily with the immunity of a personal sovereign." *Restatement (Second) of Foreign Relations Law* § 66, Reporters' Note 1. Here, the "personal sovereign" is the King. By contrast, Plaintiffs are unaware of a single case ever in which an appointee of an absolute monarch has been granted head-of-state immunity. Plaintiffs certainly have not identified a case in which such an appointment unexpectedly occurred midway through litigation in an apparent effort to interfere with a foreign court's exercise of jurisdiction. The "customs and usages of civilized nations" do not require this Court to reward those tactics.

Dated: October 19, 2022

Respectfully submitted,

/s/ *Keith M. Harper*
Keith M. Harper (D.C. Bar 451956)
Adam G. Unikowsky (D.C. Bar 989053)
JENNER & BLOCK LLP
1099 New York Avenue NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6045

*Counsel for Plaintiffs Hatice Cengiz and Democracy for the Arab World Now, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk using the CM/ECF filing system, which sent notice of filing to all counsel of record.

/s/ *Keith M. Harper*
Keith M. Harper (D.C. Bar 451956)

*Counsel for Plaintiffs Hatice Cengiz and Democracy for the Arab World Now, Inc.*