# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HATICE CENGIZ, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MOHAMMED BIN SALMAN, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:20-cv-03009 |

### DECLARATION OF OMAR ALOMAR

I, Omar Alomar, hereby declare as follows:

1. My name is Omar Alomar. I received a degree in Islamic law from the Department of Sharia at the Faculty of Sharia at the Al Imam Mohammed bin Saud University in Riyadh, Saudi Arabia, in 2009. After graduation, I worked as a researcher at the Sheikh Sulaiman Al-Rajhi Foundation where I reviewed applications for donations. I also worked as a lawyer in Saudi Arabia. In my position as a lawyer, I appeared in court, including Riyadh Criminal Court, and worked on multiple criminal cases, jurisdictional disputes, money laundering, terrorism financing, and other legal matters referred to me by the Saudi Minister of Justice.

2. I am a former senior advisor in Saudi Arabia's Ministry of Justice, and from that experience I have a deep understanding of the constitutional setting in the country. In 2010, I joined the Head Office of the Ministry of Justice, which administers Saudi Arabia's judicial system. Within the Ministry of Justice, I served as an advisor in the General Directorate of Advisors until I was promoted to the role of advisor in the personal office of the Minister of Justice,

1

Walid bin Mohammed Al-Samani, who before serving as a minister of justice served as an advisor to King Salman Bin Abdulaziz Al Saud when the king was the crown prince.

3. I was engaged by Jenner & Block LLP to provide a declaration on the Saudi law issues relevant to the case of *Hatice Cengiz, et al. v. Mohammed bin Salman, et al.* Specifically, I was asked to provide opinions related to the recent Royal Decree naming Crown Prince Mohammed bin Salman as Prime Minister of the Kingdom of Saudi Arabia.

A. **The Saudi Basic Law of Governance is analogous to the United States Constitution**

4. King Fahd established the Basic Law of Governance when he issued Royal Decree No. A/90 on January 31, 1992.

5. The Saudi Basic Law of Governance (also known as "Basic Law of Saudi Arabia" or "Basic System of Governance") is akin to a constitution. It consists of nine chapters, divided into 83 articles, which establish the framework and governing principles for the monarchy, state authority, basic rights and duties, economic principles, and values of the Saudi society. In short, the Basic Law of Governance forms the foundation for the Saudi government, its system of laws, and its society.

B. **The Basic Law of Governance gives the King absolute control over the Kingdom of Saudi Arabia and its government**

6. Saudi Arabia is an absolute monarchy headed by the King.

7. The Basic Law of Governance makes clear that the King wields absolute power as the head of state and head of government. Among other things, it establishes that:

 a. "[t]he King is the Prime Minister" (Article 56);

 b. the King "rule[s] the nation according to the Sharia" and is responsible for "supervise[ing] the implementation of the Sharia" (Article 55);

 c. the King is supported by a Council of Ministers and is entitled to "appoint and relieve" ministers or "dissolve and reconstitute the Council of Ministers" at his pleasure (Article 57);

 d. the King is "the ultimate arbiter" for the Judicial, Executive, and Regulatory Authorities (Article 44);

 e. the King can "concern himself with the implementation of judicial rulings" or deputize this task to whomever he chooses (Article 50);

 f. the King appoints ministers and heads of departments who are "answerable to the King" (Article 58);

 g. the King is "the Supreme Commander of the Armed Forces" (Article 60); and

 h. the King "receive[s] kings and heads of state, appoint[s] his representatives to other states, and receive[s] credentials of other states' representatives accredited to him" (Article 63).

**C. The Law of the Council of Ministers underscores that the King has absolute control over the Kingdom of Saudi Arabia and its government**

8. The Law of the Council of Ministers, which establishes the governing rules and regulations for the Council of Ministers (also known as the "Cabinet"), underscores that the King

3

exercises absolute control over the Saudi government. Among other things, it establishes that:

    a. the King presides over meetings of the Council of Ministers, and resolutions of the Council become final only "after the King's approval" (Article 7);

    b. "Cabinet ministers are appointed, relieved of their duties and their resignations accepted, by Royal Decree. Their duties are determined in accordance with Articles 57 and 58 of the Basic Law of Governance" (Article 8);

    c. the King issues and amends "laws, treaties, international agreements and 'concessions'" by royal decree (Article 20);

    d. the Saudi government may not contract a loan unless it is approved by the King through royal decree (Article 25);

    e. the King promulgates the budget through royal decree, and any change to the budget must be approved by royal decree (Articles 26 and 27);

    f. the King issues "By-laws of the Council of Ministers" through royal decree (Article 31);

    g. the Law of the Council of Ministers can be changed only by royal decree from the King (Article 32).

9. The decree appointing the Crown Prince as Prime Minister did not change the King's authority under any provisions of the Law of the Council of Ministers.

**D.** **The King is the Saudi head of state**

10. In international law, the "head of state" means the sovereign (*i.e.*, the King). As in all monarchies, the King is the head of state in Saudi Arabia.

11. The Reporter's Notes to the Restatement state that the "precedents with respect to the immunity of a head of state deal primarily with the immunity of a *personal sovereign*." *Restatement (Second) of Foreign Relations Law* § 66, Reporters' Note 1, Westlaw (database updated Oct. 2022) (emphasis added).

12. Here, the "personal sovereign" is King Salman bin Abdulaziz Al Saud.

E. **The King continues to wield absolute control over the Kingdom of Saudi Arabia and remains its head of government despite the recent Royal Decree appointing the Crown Prince as "Prime Minister"**

13. In international law, the "head of government" means the person who leads the government—*e.g.*, the person who presides over the cabinet, appoints and dismisses ministers, and holds ultimate decision-making power for political decisions. In Saudi Arabia, the King alone has this power.

14. On September 27, 2022, King Salman issued a decree, Royal Decree No. A/61, waiving the provisions of Article 56 of the Basic Law of Governance and appointing the Crown Prince, Mohammed bin Salman bin Abdulaziz Al Saud, as the Prime Minister. Dkt. 45-2 at 3. *See also* Royal Decree No. A/62 (restructuring the Council of Ministers by making 35 appointments, including "Crown Prince Mohammed bin Salman bin Abdulaziz Al Saud as Prime Minister").

15. These decrees change nothing for purposes of determining the head of state and head of government in Saudi Arabia.

16. Unlike the extensive constitutional powers expressly reserved to the King in the Basic Law of Governance, and not changed or waived by the recent decree—the Prime Minister has only three recognized duties:

    a. the Prime Minister receives "the closing account for the State for the past year" from "[t]he competent department" (Article 77);

    b. the Prime Minister receives an "annual report" of "revenues and expenditures of the State, as well as movable and fixed assets" (Article 79); and

    c. the Prime Minister receives an "annual report" of audits of "[g]overnmental institutions" (Article 80).

17. These three responsibilities merely give the Prime Minister authority to receive information from the relevant department. None of them gives the Crown Prince authority to lead the Saudi government.

18. Indeed, Royal Decree A/61 expressly recites: "The sessions of the Council of Ministers that we attend shall be chaired by us." Dkt. 45-2 at 3. "Us" is a reference to the King using the "royal we," which is the customary way the King refers to himself. By retaining his authority to chair the sessions of the Council of Ministers, the King is making clear that he is, and remains, the head of government.

19. Thus, in issuing the decrees, King Salman yielded none of his powers. He retains total control over the Kingdom and remains the head of state and head of government.

20. The King's subsequent actions confirm that he remains in control of the Kingdom and its government. Since issuing the decrees, King Salman has continued to chair meetings of the Council of Ministers.

21. Accordingly, as a matter of law and practice, the King, not the Crown Prince, continues to lead the Saudi government. The King, not the Crown Prince, continues to preside over Council of Minister meetings. And the King, not the Crown Prince, appoints and controls ministers and department heads who remain answerable to the King alone.

22. Finally, it is important to note that the King is free to rescind his recent decree at any time and restore himself as Prime Minister.

23. These factors show that under Saudi law, the office of "Prime Minister" is neither head of state or head of government. Hence, the Crown Prince is neither the head of government nor the head of state by virtue of his recent appointment as Prime Minister. Those titles belong to and reside solely with the King.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 18, 2022.

_____
Omar Alomar