**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>HATICE CENGIZ, <em>et al.</em>,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiffs,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No. 20-3009 (JDB)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>MOHAMMED BIN SALMAN, <em>et al.</em>,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendants.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

## SUGGESTION OF IMMUNITY BY THE UNITED STATES

On July 1, 2022, the Court entered an order inviting the United States to submit a statement of interest "regarding any issue in this case, but particularly with respect to" a set of issues regarding foreign official and sovereign immunity and the application of the act-of-state doctrine. Order at 1, ECF No. 39. Pursuant to 28 U.S.C. § 517[1], the United States respectfully informs the Court that Defendant Mohammed bin Salman, the Prime Minister of the Kingdom of Saudi Arabia, is the sitting head of government and, accordingly, is immune from this suit. In support of its determination, the United States sets forth as follows:

1.      The Constitution assigns to the President the responsibility to represent the Nation in its conduct of foreign relations. *See*, *e.g.*, *United States v. Curtiss-Wright Export Corp.*, 299 U.S. 304, 320 (1936) (referring to the President's "exclusive power . . . as the sole organ of the federal government in the field of international relations"); U.S. Const. Art. II § 3 (assigning to the President the responsibility to "receive Ambassadors and other public Ministers"). That

---

[1] 28 U.S.C. § 517 authorizes the Attorney General to send any officer of the Department of Justice "to attend to the interests of the United States in any suit pending in a court of the United States, or in a court of a State, or to attend to any other interests of the United States."

constitutional grant of authority affords the Executive Branch the power to determine whether foreign officials possess certain status-based immunities from suit, including immunity under the head of state doctrine. Here, the Executive Branch, after considering the relevant principles of customary international law, and in the implementation of its foreign policy and conduct of relations with foreign nations, has determined that Defendant bin Salman possesses immunity from this suit as the Prime Minister of the Kingdom of Saudi Arabia while he holds that office. As discussed below, this determination is controlling and is not subject to judicial review.

2.   The United States Government has expressed grave concerns regarding Jamal Khashoggi's horrific killing and has raised these concerns publicly and with the most senior levels of the Saudi government.  It has also imposed financial sanctions and visa restrictions as a result of, and related to, Mr. Khashoggi's killing,[2] and has sought to promote transparency through the release of the intelligence community assessment of the Saudi government's role in the incident.[3] However, the doctrine of head of state immunity is well-established in customary international law and has been consistently recognized in longstanding Executive Branch practice as a status-based determination that does not reflect a judgment on the underlying conduct at issue in the litigation.

3.   Pursuant to these principles, the U.S. Department of State has informed the Department of Justice that the "State Department recognizes and allows the immunity of Prime

---

[2] *See, e.g.*, Statement by Secretary of State Antony J. Blinken, *Accountability for the Murder of Jamal Khashoggi* (Feb. 26, 2021), *available at* https://www.state.gov/accountability-for-the-murder-of-jamal-khashoggi/#:~:text=The%20Khashoggi%20%20Ban%20allows%20the,%2C%20threaten%2C%20or%20harm%20journalists%2C; Press Release, U.S. Department of the Treasury, *Treasury Sanctions the Saudi Rapid Intervention Force and Former Deputy Head of Saudi Arabia's General Intelligence Presidency for Roles in the Murder of Journalist Jamal Khashoggi* (Feb. 26, 2021), *available at* https://home.treasury.gov/news/press-releases/jy0038.

[3] Office of the Director of National Intelligence, ODNI News Release No. 06-21, *ODNI Releases Assessment on the Saudi Government's Role in Killing of Jamal Khashoggi* (Feb. 26, 2021), https://www.dni.gov/index.php/newsroom/press-releases/press-releases-2021/item/2187-odni-releases-assessment-on-the-saudi-government-s-role-in-killing-of-jamal-khashoggi.

Minister Mohammed bin Salman as a sitting head of government of a foreign state. Under common law principles of immunity articulated by the Executive Branch in the exercise of its Constitutional authority over foreign affairs and informed by customary international law, Prime Minister bin Salman as a sitting head of government is immune while in office from the jurisdiction of the United States District Court in this suit. In making this immunity determination, the Department of State takes no view on the merits of the present suit and reiterates its unequivocal condemnation of the heinous murder of Jamal Khashoggi." Exhibit A, Letter from Richard C. Visek, Acting Legal Adviser, U.S. Department of State, to Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice (Nov. 17, 2022).

4.    For many years, the Executive Branch exclusively determined the immunity of both foreign states and foreign officials, and courts have deferred completely to the Executive's immunity determinations. *See*, *e.g.*, *Republic of Mexico v. Hoffmann*, 324 U.S. 30, 35 (1945) ("It is therefore not for the courts to deny an immunity which our government has seen fit to allow, or to allow an immunity on new grounds which the government has not seen fit to recognize."). In 1976, Congress codified the standards governing suit against foreign states in the Foreign Sovereign Immunities Act. 28 U.S.C. §§ 1602 *et seq*.; *see id*. § 1602 ("Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.").

5.    The Supreme Court, however, has held Congress has not similarly codified standards governing the immunity of foreign officials from suit. *Samantar v. Yousuf*, 560 U.S. 305, 308, 325 (2010) ("Although Congress clearly intended to supersede the common-law regime for claims against foreign states, we find nothing in the statute's origin or aims to indicate that Congress similarly wanted to codify the law of foreign official immunity."). Instead, Congress left

in place the practice of judicial deference to Executive Branch immunity determinations with respect to foreign officials. *See id.* at 314, 323 ("We have been given no reason to believe that Congress saw as a problem, or wanted to eliminate, the State Department's role in determinations regarding individual official immunity."). The Executive Branch therefore retains its authority to determine a foreign official's immunity from suit. *See id.* at 312 & n.6 (noting expressly the Executive Branch's role in determining head of state immunity).

6.     The doctrine of head of state immunity is well established in customary international law. *See Satow's Guide to Diplomatic Practice* 9 (Lord Gore-Booth ed., 5th ed. 1979). Although the doctrine is referred to as "head of state immunity," it applies to heads of government and foreign ministers as well. *See, e.g.*, *The Schooner Exchange v. M'Faddon*, 11 U.S. (7 Cranch) 116, 138-39 (1812) (discussing generally the immunity of foreign ministers in U.S. courts); *Arrest Warrant of 11 Apr. 2000 (Dem. Rep. Congo v. Belgium)*, 2002 I.C.J. 3, 20-21 (Feb. 14) (Merits) (heads of state, heads of government, and ministers of foreign affairs enjoy immunity from the jurisdiction of foreign states).

7.     Courts routinely defer to the Executive Branch's immunity determinations concerning sitting heads of state and heads of government.[4] When the Executive Branch

---

[4] *See Habyarimana v. Kagame*, 696 F.3d 1029, 1032 (10th Cir. 2012) ("We must accept the United States' suggestion that a foreign head of state is immune from suit—even for acts committed prior to assuming office—as a conclusive determination by the political arm of the Government that the continued [exercise of jurisdiction] interferes with the proper conduct of our foreign relations." (quotation omitted)); *Ye v. Jiang Zemin*, 383 F.3d 620, 626 (7th Cir. 2004) ("The obligation of the Judicial Branch is clear—a determination by the Executive Branch that a foreign head of state is immune from suit is conclusive and a court must accept such a determination without reference to the underlying claims of a plaintiff."); *In re Doe*, 860 F.2d 40, 45 (2d Cir. 1988); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 110 (D.D.C. 2005) ("When the Executive Branch concludes that a recognized leader of a foreign sovereign should be immune from the jurisdiction of American courts, that conclusion is determinative."); *Saltany v. Reagan*, 702 F. Supp. 319, 320 (D.D.C. 1988), *aff'd in part and rev'd in part on other grounds*, 886 F.2d 438 (D.C. Cir. 1989).

determines an official is immune from suit under the head of state doctrine, judicial deference to that determination is predicated on compelling considerations arising out of the Executive Branch's authority to conduct foreign affairs under the Constitution. *See Ye*, 383 F.3d at 626 (citing *e.g., Spacil v. Crowe*, 489 F.2d 614, 618 (5th Cir. 1974)). Judicial deference to the Executive Branch in these matters is "motivated by the caution . . . appropriate of the Judicial Branch when the conduct of foreign affairs is involved." *Id.; see also Spacil*, 489 F.2d at 619 ("Separation-of-powers principles impel a reluctance in the judiciary to interfere with or embarrass the executive in its constitutional role as the nation's primary organ of international policy."); *Ex parte Peru*, 318 U.S. 578, 588 (1943). In no case has a court subjected a person to suit after the Executive Branch has determined that the head of state or head of government is immune.[5]

    8.    The Executive Branch accepts the principle of customary international law that head of state immunity attaches to a head of state's or head of government's status as the *current* holder of the office and applies even to conduct that occurs before the individual took office. Here,

---

[5] *See*, *e.g.*, *Tawfik v. al-Sabah*, 2012 WL 3542209, *4 (S.D.N.Y. Aug. 16, 2012) (concluding that the Suggestion of Immunity filed by the Executive Branch was "controlling" and dismissing case); *Manoharan v. Rajapaksa*, 845 F. Supp. 2d 260 (D.D.C. 2012), *aff'd*, 711 F.3d 178 (D.C. Cir. 2013); *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1263-64 (W.D. Okla. 2011), *aff'd*, 696 F.3d 1029 (10th Cir. 2012); *Howland v. Resteiner*, No. 07-CV-2332, ECF No. 27, at 5 n.2 (E.D.N.Y. Dec. 5, 2007); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 110 (D.D.C. 2005); *Doe v. Roman Catholic Diocese of Galveston-Houston*, 408 F. Supp. 2d 272, 278 (S.D. Tex. 2005) ("The executive's [head of state immunity] determination is not subject to additional review by a federal court."); *Leutwyler v. Queen Rania Al-Abdullah*, 184 F. Supp. 2d 277, 280 (S.D.N.Y. 2001); *Tachiona v. Mugabe*, 169 F. Supp. 2d 259, 297 (S.D.N.Y. 2001), *aff'd on other grounds sub nom.*, 386 F.3d 205 (2d Cir. 2004); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1104, 1119 (D.D.C. 1996) ("The United States has filed a Suggestion of Immunity … and courts of the United States are bound to accept such head of state determinations as conclusive."); *Alicog v. Kingdom of Saudi Arabia*, 860 F. Supp. 379, 382 (S.D. Tex. 1994) (concluding that the Executive Branch's recognition of King Fahd's immunity as the head of state of Saudi Arabia required dismissal of a complaint for false imprisonment and abuse), *aff'd*, 79 F.3d 1145 (5th Cir. 1996); *Lafontant v. Aristide*, 844 F. Supp. 128, 132 (E.D.N.Y. 1994) *Saltany v. Reagan*, 702 F. Supp. 319, 320 (D.D.C. 1988) (holding that the determination of Prime Minister Thatcher's immunity was conclusive), *aff'd in part and rev'd in part on other grounds*, 886 F.2d 438 (D.C. Cir. 1989).

the Executive Branch has determined that Defendant bin Salman, as the sitting head of a foreign government, enjoys head of state immunity from the jurisdiction of U.S. courts as a result of that office and is entitled to immunity from the Court's jurisdiction of this suit while he holds that office.

Dated:  November 17, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

ANTHONY J. COPPOLINO
Deputy Director

/s/ James R. Powers
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Fax: (202) 616-8460
Email: james.r.powers@usdoj.gov

*Counsel for the United States*