IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HATICE CENGIZ, *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, *et al*., <br>     *Defendants*. | Case No. 20-CV-03009-JDB |

### RESPONSE TO SUGGESTION OF IMMUNITY BY THE UNITED STATES

Pursuant to the Court's October 9, 2022 order, Defendant His Royal Highness Mohammed bin Salman bin Abdulaziz Al Saud (the "Crown Prince") submits this response to the Suggestion of Immunity by the United States, filed on November 17, 2022 at ECF No. 53. That Suggestion of Immunity notified the Court that the United States recognizes the Crown Prince – the sitting Prime Minister of the Kingdom of Saudi Arabia ("Saudi Arabia"), *see* ECF Nos. 45, 48, 52-1 – as Saudi Arabia's "sitting head of government" and that, as a consequence, the Crown Prince "is immune from this suit." ECF No. 53 at 1. It is accompanied by a letter from the Acting Legal Adviser of the U.S. Department of State stating that "[t]he State Department recognizes and allows the immunity of Prime Minister Mohammed bin Salman as a sitting head of government of a foreign state." ECF No. 53-1 at 1.

As the United States points out in its Suggestion of Immunity, courts "defer to the Executive Branch's immunity determinations concerning sitting heads of state and heads of government," ECF No. 53 at 4 & n.4 (citing cases), and "[i]n no case has a court subjected a person to suit after the Executive Branch has determined that the head of state or head of

government is immune," *id.* at 5 & n.5 (citing cases).  Indeed, the D.C. Circuit has held that, once the Executive Branch suggests immunity on behalf of a defendant, a court is divested of its jurisdiction over claims against that defendant.  *See Manoharan v. Rajapaksa*, 711 F.3d 178, 179-80 (D.C. Cir. 2013) (per curiam) (holding that the Torture Victim Protection Act of 1991 did not abrogate common-law head-of-state immunity and that a "suggestion of immunity" submitted by the United States on behalf of the sitting head of state rendered the district court "without jurisdiction" over that sitting head of state); *see also Lewis v. Mutond*, 918 F.3d 142, 145 (D.C. Cir. 2019) (noting that a district court "is divested of its jurisdiction" over a foreign official if the Executive Branch "grant[s]" a suggestion of immunity; discussing *Samantar v. Yousuf*, 560 U.S. 305, 311-12 (2010)).  Plaintiffs themselves have conceded that, "[w]hen the State Department suggests that a foreign official is entitled to status-based immunity, that determination is entitled to absolute deference from courts."  ECF No. 27 at 28.

      Accordingly, the Court should dismiss Plaintiffs' claims against the Crown Prince for lack of subject-matter jurisdiction.

Dated:   November 29, 2022                    Respectfully submitted,

/s/ *Michael K. Kellogg*
Michael K. Kellogg (DC 372049)
Gregory G. Rapawy (DC 493973)
Andrew C. Shen (DC 500071)
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900

*Attorneys for Defendant*
*Mohammed bin Salman bin Abdulaziz Al Saud*

## **CERTIFICATE OF SERVICE**

I certify that on November 29, 2022, I electronically filed the foregoing Response to Suggestion of Immunity by the United States, using the ECF system, which sent notice of filing in this matter to all counsel of record.

*/s/ Michael K. Kellogg*
Michael K. Kellogg
*Attorney for Defendant*
*Mohammed bin Salman bin Abdulaziz Al Saud*